**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BLOWBAR, INC.

    Plaintiff,

v.     Case No.: 8:13-cv-1430-T-17EAJ

THE BLOW BAR SALON INC.,
and JOYCE PANAPA,

    Defendants.
_____/

## ORDER

This cause is before the Court on Plaintiff's Motion for Entry of Default Judgment and Award of Attorneys' Fees and Costs and Incorporated Memorandum of Law (Doc. 22), Declaration of Kelli A. Edson in Support of Plaintiff's Motion for Entry of Default Judgment (Doc. 23), Declaration of Marc Betts in Support of Plaintiff's Motion for Entry of Default Judgment (Doc. 24), Declaration of Timothy A. Andreu as to the Reasonableness of Attorney's Fees in Support of Plaintiff's Motion for Entry of Default Judgment and Award of Attorney's Fees and Costs (Doc. 25), and Defendants' Memorandum Opposing the Entry of the Attorney's Fees Sought by Plaintiff (Doc. 28).

Pursuant to Rules 54 and 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 4.18, Plaintiff requests a permanent injunction and entry of default judgment against Defendants. Plaintiff further requests the award of attorney's fees and costs totaling $17,570.97. For the reasons detailed below, Plaintiff's Motion for Entry of Default Judgment and Award of Attorney's Fees is **GRANTED** in part and denied in part.

**I. PROCEDURAL HISTORY AND BACKGROUND**

Plaintiff filed its complaint (Doc. 1) on May 31, 2013. The Complaint was served on Defendant Joyce Panapa on June 7, 2013 and on Defendant the Blow Bar Salon, Inc. on June 10, 2013. (Docs. 6 and 7) On July 2, 2013, Plaintiff filed a Motion for Default (Doc. 17) pursuant to Fed. R. Civ. P. 55(a). On July 3, 2013, a Clerk's Default was entered for both Defendants (Doc. 18, Doc. 19). Several days later, on July 5, 2013, Defendants filed their Answer and Defenses. (Doc. 20) Plaintiff now requests a final default judgment and permanent injunction barring Defendants' use of the term "Blow Bar" and any graphic design or mark that is confusingly similar to Plaintiff's "Blow Dryer with Scroll design." (Doc. 22 at 9). Plaintiff further requests an award of reasonable attorney's fees and costs as provided under the Lanham Act, 15 U.S.C. §§ 1117, 1125(a). (*Id*. at 11).

**2.   DISCUSSION**

   *a. Default Judgment*

Fed. R. Civ. P. 55(b) provides that unless the Plaintiff's claim is for a "sum certain," the Plaintiff "must apply to the court for a default judgment." A default judgment may be entered "against a Defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue." *Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Upon entry of a clerk's default, all of the well-pleaded allegations in the Complaint are deemed admitted, and upon motion the Court may enter a default judgment against a defaulting party.

Prior to entering the Plaintiff's requested default judgment and permanent injunction, this Court must ensure that the Plaintiff's well-pleaded allegations properly state a claim for relief. *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007). A default judgment

establishes the allegations of the complaint as fact, and prohibits the Defendants from disputing those facts on appeal. *Id*.

Here, the Plaintiff pleads two counts: Count I for trademark infringement under the Lanham Act, 15 U.S.C. § 1125 (a), and Count II for common law trademark infringement. (Doc. 1 at 6-8). Within the Eleventh Circuit, courts conduct the same analysis when evaluating federal statutory and state common law trademark infringement claims. *Axiom Worldwide, Inc. v. HTRD Group Hong Kong Ltd.*, 2013 WL 2406260 (M.D. Fla. 2013). Thus, the elements below apply to both counts.

To establish a claim for trademark infringement, the Plaintiff "'must show (1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two.'" *Suntree Techs., Inc. v. Ecosense Int'l, Inc.,* 693 F.3d 1338, 1346 (11th Cir. 2012) (quoting *Tana v. Dantanna's,* 611 F.3d 767, 773 (11th Cir. 2006)).

Upon review of the Complaint, this Court finds the allegations contained therein sufficient to state a claim for trademark infringement. Accepting the allegations as true, the Plaintiff has used both its BLOWBAR trademark and Blow Dryer with Scroll Design consistently and pervasively since 2010 (Doc. 1, ¶ 13-15), which establishes common law trademark rights. Further, this occurred well before Defendants incorporated under the name "The Blow Bar Salon" in April 2013, (*Id*. at ¶ 19) and began displaying signage and advertising using the term "Blow Bar." (*Id*. at ¶ 20-27). The Plaintiff further alleges that the Defendants' use of the term and logo design has actually caused consumer confusion, which satisfies the second element. (*Id*. at ¶ 29).

Additionally, the Defendants have not contested the entry of a default (Doc. 28 at 1). Regarding the injunctive relief sought by the Plaintiff, the Defendants removed the signage,

altered all advertisements they could, and ordered new marketing upon receipt of the Plaintiff's demand letter. (*Id*. at 4). As the Defendants suggest, the Plaintiff has largely received the injunctive relief it now requests without contest. (*Id*. at 5). Because the allegations are sufficient and the relief sought is uncontested, a default judgment and permanent injunction will be entered in favor of the Plaintiff, leaving only the issue of attorney's fees and costs.

    **b.**    *Attorney's Fees*

Fed. R. Civ. P. 54(d) **Costs; Attorney's Fees** provides:

> *(1) Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.
>
> *(2) Attorney's Fees.*
>    *(A) Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>    *(B) Timing and Contents of Motion.* Unless a statute or a court order provides otherwise, the motion must:?(I) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>  (iii) state the amount sought or provide a fair estimate of it; and?(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Plaintiffs move for recovery of actual costs in the amount of $777.97 and attorney's fees in the amount of $16,793 (Doc. 22 at 11) pursuant to Rule 54 of the Federal Rules of Civil Procedure and the Lanham Act, 15 U.S.C. §§1117, 1125(a). Defendants contend that Plaintiff's requests for fees and costs should be denied, arguing that the number of hours is excessive (Doc. 28 at 2) and that any hours billed after the demand letter were unnecessary and, therefore,

unreasonable (*Id*. at 4). Defendants further contend that the Plaintiff failed to establish the reasonableness of the rates charged, as Plaintiff's supporting affidavits neglect to compare the rates billed to those billed in similar lawsuits locally. (*Id*. at 4-5).

To be awarded attorney's fees, the Plaintiff must first establish that they are entitled to such fees under the Lanham Act, as a fee applicant bears the burden of showing entitlement. *Henslev v. Eckerhart*, 461 U.S. 424, 437 (1983). Second, they must demonstrate the reasonableness of the billed hourly rate. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Finally, the Plaintiff must demonstrate the reasonableness of the hours billed. *Id*. Each will be addressed in turn.

### i. ENTITLEMENT UNDER THE LANHAM ACT

Under the Lanham Act, attorneys' fees are recoverable by the prevailing party only in "exceptional cases." 15 U.S.C. § 1117(a). An exceptional case is one that can be characterized as "malicious, fraudulent, deliberate and willful," or one in which "evidence of fraud or bad faith" exists. *See Tire Kingdom. Inc. v. Morgan Tire & Auto. Inc*., 253 F.3d 1332, 1335 (11th Cir. 2001); *Lipscher v. LRPPubl'ns, Inc.,* 266 F.3d 1305, 1319 n. 10 (11th Cir. 2001) (explaining that "an exceptional case [for a prevailing plaintiff] is characterized as one in which the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful . . ."). Therefore, the Plaintiff must establish that the Defendants willfully and deliberately infringed upon Plaintiff's BLOWBAR trademark and Blow Dryer with Scroll design (Doc. 22, ¶ 3) to be entitled to attorney's fees.

The Court notes that Plaintiff's motion fails to address whether the present case is exceptional under the Lanham Act. Instead, the Plaintiff simply concludes that Blowbar is entitled to its costs and attorney's fees (Doc. 22 at 11). However, the Complaint contains

sufficient allegations that, if assumed true, establish that the Defendants willfully and deliberately engaged in infringement. (Doc. 1, ¶ 45). As a result of the default judgment, the Defendants are deemed to admit to all of the allegations contained in the complaint. Accordingly, Plaintiff's entitlement to reasonable attorney's fees is established under the Lanham Act.

      ii.    **AMOUNT**

In assessing Plaintiffs' request for reasonable attorneys' fees, the Court must calculate the "lodestar," or the number of reasonable hours spent working on the case multiplied by a reasonable hourly rate. *Loranoerv. Stierham*, 10 F.3d 776, 781 (11th Cir. 1994). The Court may then decide whether an adjustment to the lodestar is needed based on the results of representation. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

Computing a fee award requires an exercise of judgment, as no precise rule or formula exists. *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001). The Court is deemed "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303.

1. Reasonable Hourly Rates

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Id*. at 1299. The party seeking fees must provide "satisfactory evidence that the requested rate is in line with prevailing market rates," which requires more than the affidavit of the attorney working on the case. *Id*. The Court may also consider evidence of rates for similar services in the locality or opinion evidence, as well as its own expertise and judgment. *Id*. However, the value of

opinion evidence will be determined by "the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge." *Id*.

Further, the Court may consider the twelve factors outlined in *Johnson v. Georgia Highway Express. Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974); See *Henslev*, 461 U.S. at 430. The factors include: 1) the time and labor required; 2) the novelty and difficulty of the issues; 3) the requisite skill needed to properly serve the client; 4) the likely preclusion of other employment by the attorney accepting the case; 5) the customary fee; 6) whether the fee is contingent or fixed; 7) time limitations imposed by the client or the situation; 8) the volume of damages involved and the results obtained; 9) the experience, reputation, and skill of the attorneys; 10) the undesirability of the case; 11) the nature and length of the attorney-client relationship; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

The Court has reviewed the affidavits of Ms. Edson (Doc. 23) and Mr. Andreu (Doc. 25), which summarize the skills and experience of counsel. Plaintiff details the hourly rates of four attorneys, one law clerk, and three paralegals that worked on the case, (Doc. 23, ¶ 8) ranging from $140-$475 dollars an hour. Plaintiffs have provided more than the affidavit of the attorney working on the case, Ms. Edson, as they have included opinion evidence from independent counsel (Mr. Andreu). However, the weight of Mr. Andreu's opinions is lessened by the lack of detail contained in his declaration, (Doc. 23), as he neglects to compare the fees assessed to those charged in other uncontested Lanham Act cases.

In examining the *Johnson* factors, this case involved no motions for discovery, no mediations, and no trial. The dispute involved only one Plaintiff and two Defendants, Joyce Panapa and her corporation, The Blow Bar Salon. (Doc. 1). Further, the issues were familiar to

Ms. Edson's co-counsel in Milwaukee, as Ms. Levine and Ms. Wilbert both list trademark law as a specialty in their biographies, and Ms. Levine has litigated and published extensively in the area. (Doc. 23-3, 2-6). This case was open for little more than 5 months. (Doc. 1). Further, the Defendants stated their intentions to comply immediately following the demand letter. (Doc. 29-1 at 4). Thus, the Court finds that this largely unopposed Lanham Act case did not require a great deal of time and labor, did not present novel or difficult issues, and did not require extraordinary skill to perform the services properly.

The fees requested are excessive for a case determined by an entry of default. In previous cases involving an uncontested injunction and default judgment, this Court has opined that "the legal issues . . . are not arcane and the proceedings leading to a preliminary injunction and default judgment are ordinary parts of federal court litigation." *Alu, Inc. v. Kupo Co., Inc.*, 2007 WL 177836 (M.D. Fla. 2007). Additionally, although some opinion evidence is offered by independent counsel, (Doc. 23), the lack of detail concerning the prevailing local market rates for similar, uncontested Lanham Act cases is notable. Therefore, although the court will award some fees, the requested rates are unreasonably high and will be adjusted downward. *See, e.g., Demers v. Adams Home of Northwest Florida, Inc.,* 321 Fed. Appx. 847 (11th Cir. 2009) holding (the district court did not err in reducing fees because the applicant failed to present sufficient evidence as to reasonable rates).

The following downward hourly rate adjustments will be applied:

| Attorney/ Paralegal | Hourly Rates |
| --- | --- |
| Marta Levine | $300 (down from $475) |
| Kelli Edson | $300 (down from $360) |
| Johanna Wilbert | $250 (down from $305) |
| Dawn Johnson | $150 (down from $190) |

1. Hours Reasonably Expended

The number of hours spent on this case also appears unreasonably high. Any calculation of hours reasonably expended should omit hours those that are "excessive, redundant, or otherwise unnecessary" and any time spent on "discrete and unsuccessful claims." *Norman*, 836 F.2d at 1301(quoting *Henslev*. 461 U.S. at 434).

Here, the Court agrees with the Defendants' contention that the Plaintiff billed for unnecessary hours given the facts of the case. (Doc. 28 at 4). After Plaintiff's initial demand letter was received on May 13, 2013 the Defendants made a good faith effort to comply with Plaintiff's request to remove the offending signage and advertisements. (*See* Doc 29-1 at 4). Ms. Panapa communicated openly with the Plaintiff regarding her desire to comply and requested a realistic time line for compliance of 30 days, (*Id*.) as a permit was required for the change in signage and some of the advertisements were already placed and could not be changed until the following month. *Id*. Despite the uncontested nature of the case and the Defendants' efforts to co-operate, the Plaintiff continued to pursue this matter in an adversarial manner, moving for a preliminary injunction on June 21, 2013 that would essentially grant the relief it had already received with the Defendants cooperation. (Doc. 7). The Plaintiff persisted in this course of prosecution despite Defendants June 4th letter indicating compliance with Plaintiff's requests for a redesigned logo, revised signage, and a changed corporate name. (Doc 29-1 at 8).

Accordingly, the total hours billed cannot fairly be imputed to the Defendants. Any contrary holding would discourage parties from cooperating with one another and encourage waste of time and resources. Therefore, 59.4 hours billed after the June 4, 2013 date (Doc. 23-2 at 4-9) in which Defendants were in compliance will be subtracted from the 70.4 hours requested; only 11 of the hours were reasonably expended. (Id. at 2).

Thus, the lodestar is calculated as $3,035.00 and detailed as follows:

| Attorney/Paralegal | Hourly Rates | No. of Hours | Total |
|---|---|---|---|
| Marta Levine | $300 | 5.6 | $ 1,680.00 |
| Kelli Edson | $300 | 0.7 | $210.00 |
| Johanna Wilbert | $250 | 4.4 | $ 1,100.00 |
| Dawn Johnson | $150 | 0.3 | $45.00 |
| | | Total: | $3,035.00 |

c. *Costs*

Under 15 U.S.C. § 1117, a prevailing plaintiff "shall be entitled...to recover...the costs of the action." The "costs of the action" are those costs defined in 28 U.S.C. § 1920. *People for Ethical Treatment of Animals v. Doughney,* 263 F.3d 359, 370-71 (4th Cir. 2001). Plaintiffs seek reimbursement for actual costs totaling $782.27. (Doc 23.2, 9-10). Under the Lanham Act, Plaintiffs are entitled to recover the costs of the action "subject to the principles of equity." 15 U.S.C. Sec. 1117(a). Rule 54(d), Fed. R. Civ, P., allows recovery of those costs enumerated in 28 U.S.C. § 1920. *Arlington Cent. Sch. Bd. of Educ. v. Murphy,* 548 U.S. 291, 301 (2006). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

When awarding costs, the Court has limited discretion and may tax only those items outlined in Section 1920, unless otherwise authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42 (1987).

Plaintiffs seek reimbursement for the following litigation costs:

| | |
|---|---:|
| Filing Fee | $400.00 |
| Bolter & Carr Investigations, Rush Fees for Serving Summons | 237.97 |
| PACER/Federal District Court Electronic Access | 4.30 |
| Bolter & Carr Investigations, Service Fees for Order | 70.00 |
| Bolter & Carr Investigations, Service Fees | 70.00 |

Computer research is not recoverable under Section 1920. *Tiramisu Intern. LLC v. Clerver Imports LLC,* 741 F.Supp.2d 1279, 1298 (S.D. Fla.2010). Private server fees and rush fees for serving summons are also not listed as recoverable under Section 1920. *Pelc v. Nowak,* 2013 WL 3771233 (M.D. Fla. 2013). Therefore, the Court is reducing the award of taxable costs as to the PACER charge of $4.30, the rush fees for serving summons of $237.97, the service fees of $70.00 and service fees for order of $70.00. The Court grants the Motion For Costs in the amount of $400.00; taxable costs of $400.00 are awarded in favor of Plaintiffs and against Defendants. Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Entry of Default Judgment and Award of Attorneys' Fees and Costs (Doc. 22) is **GRANTED** as follows: attorney's fees in the amount of $3,035.00 and additional costs in the amount of $400.00. Further, a default judgment and permanent injunction will be entered in favor of the Plaintiff. The Clerk of Court is directed to (1) prohibiting Defendants' use of the term "Blow Bar" and the design strikingly similar to the Blow Dryer with Scroll design and any mark or design that is confusingly similar to either mark (including BLOW DRY BAR) and (2) ordering the destruction of all marketing materials containing the term "Blow Bar," or the design of a blow dryer with scroll, and the withdrawal from the market of any advertising using the infringing marks or design. The Clerk of Court shall close this case.

**DONE AND ORDERED** in Chambers at Tampa, Florida this 3rd day of December, 2013.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.